UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BURTON FLORENCE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-01407-WTL-TAB |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Burton Florence for a writ of habeas corpus challenges a prison disciplinary proceeding, ISR 15-02-0011, in which he was found guilty of possessing a hazardous chemical. For the reasons explained in this entry, Mr. Florence's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On February 3, 2015, Lt. R. Marvell wrote a Report of Conduct charging Mr. Florence with possession of any hazardous chemical, offense A-106. Dkt. 10-1. The conduct report states:

> I stopped ofd. Florence at the bottom of the steps in F-Block and searched him. Ofd. Florence had just entered the cell house with his supervisor (Chamberlain). Ofd. Florence had a clear trash bag containing work boot[s] and sealed with a knot tied on top. Upon opening the bag and inspecting the boot[s], I found one contained a 12 oz Gatorade bottle with liquid soap, and a roll of black electrical tape. The second boot contained a 20 oz. coke bottle with a clear liquid that ofd. Florence stated was chemicals to clean the ice machine.

Dkt. 10-1. The items found in Mr. Florence's boots were confiscated and entered as evidence. Dkt. Nos. 10-2, 10-3, 10-4, 10-5.

On February 5, 2015, Mr. Florence was notified of the charge of possession of hazardous chemicals (A-106) and served with a copy of the conduct report and the screening report. Mr. Florence was notified of his rights and pleaded not guilty. Dkt. 10-6. He requested a lay advocate, and one was appointed to him. Mr. Florence requested the following witnesses: S. Krause, Chamberlain, Blauvelt, and Kris Coom [sic]. *Id.* The witness request for Steve Krause was originally denied because he was not present, but Mr. Krause later submitted a statement. Dkt. Nos. 10-6, 10-9. The witness requests for Chamberlain and Blauvelt were granted. Dkt. Nos. 10-6, 10-8, 10-10. The witness request for Kris Coom [sic] was denied because he was not present. Dkt. 10-6. Mr. Florence also requested a work count letter which was denied because it did not pertain to the case, and he requested a copy of a past grievance against Marvell, which was also denied as not pertaining to the case. Dkt. 10-6.

On February 9, 2015, a disciplinary hearing was held in case ISR 15-02-0011. Dkt. 10-11. Mr. Florence pleaded not guilty and provided the following statement:

> It wasn't authorized. Marvell tried to act like I was concealing. I had it in a transparent bag in my hand. I don't understand. He tried to get them back. I had my headphones with me so I could go back to the house to give them to Mr. Scaife.

Dkt. 10-11.

The disciplinary hearing officer ("DHO") found Mr. Florence guilty of possession of a hazardous chemical. *Id.* In making this determination, the DHO considered staff reports, the statement of the offender, evidence from witnesses, and pictures. *Id.* The DHO also stated: "CR supported by picture evidence and witness statements – Ofd. changed story numerous times. Ofd. freely admits to having all items." *Id.*  Due to the seriousness and frequency/nature of the offense, the offender's attitude and demeanor during the hearing, and the degree to which the violation disrupted/endangered the security of the facility, the DHO imposed the following sanctions: a written reprimand, one year of disciplinary segregation, one year of earned credit time ("ECT") lost, and a demotion from credit class one to credit class three. *Id.*

Mr. Florence appealed the disciplinary action to the Facility Head on February 16, 2015. Dkt. 10-12. The Facility Head denied the appeal on February 27, 2015. Dkt. 10-13. Mr. Florence appealed to the Final Reviewing Authority for the Indiana Department of Correction ("IDOC"), who modified his disciplinary conviction to Possession of Unauthorized Property (B-215) and reduced the sanctions to: restricted housing for three months, 90 days' lost ECT, and a demotion from credit class one to credit class two. Dkt. 10-14. Mr. Florence again appealed to the Final Reviewing Authority, and this second appeal was denied on May 7, 2015. Dkt. 10-15.

### III.  Analysis

Mr. Florence alleges that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) he was denied his right to request witnesses and documentary evidence; and 2) there was insufficient evidence to support the disciplinary conviction.

Mr. Florence's first claim is that his requests to call his direct supervisor, Chris Kuhn, as a witness, and to present evidence of an active grievance that he had filed against the reporting officer, Officer Marvel (for denying medical treatment ordered by medical staff), were both denied. He also argues that he was not informed of his right to ask questions of his witnesses. The respondent contends that Mr. Florence did not raise these issues on appeal and therefore they are procedurally defaulted.

In his traverse, Mr. Florence does not dispute that his first set of claims are procedurally defaulted. Rather, he argues that he was not able to bring these due process claims because he did not understand that he could raise those issues on appeal. He believed that the Disciplinary Code for Adult Offenders ("DCAO") limited appeals only to issues of sufficiency of evidence and sanctions.

Procedural default caused by failure to exhaust administrative review can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Moffat v. Broyles,* 288 F.3d 978, 982 (7th Cir. 2002).   Unfortunately for Mr. Florence, ignorance of the types of claims allowed in the administrative appeal process does not rise to the level of cause or fundamental miscarriage of justice sufficient to overcome procedural default. Mr. Florence does not contend that any prison official somehow prevented him from accessing the appeal process. *Barksdale v. Lane,* 957 F.2d 379, 385 (7th Cir. 1992) ("The Supreme Court has defined 'cause' as some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim, which impeded compliance with the state's procedural rule."); *see also Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003) ("it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments

within the context of excusing procedural default").   In addition, contrary to Mr. Florence's argument, it is not up to the Facility Head to identify all possible due process issues on appeal. It is up to the petitioner to decide which claims to raise on appeal. In sum, Mr. Florence's first set of claims is procedurally defaulted.

His second claim is a challenge to the sufficiency of the evidence. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat*, 288 F.3d at 981 (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The DHO explained that the conduct report was supported by the photograph and witness statements. The reporting officer wrote that the liquid that Mr. Florence was carrying in a plastic bag inside his boots was contained in a 20 ounce coke bottle. Dkt. 10-1. Supervising Officer Chamberlain stated that he was unaware of the chemicals in Mr. Florence's bag but that he did not believe that Mr. Florence had "bad intentions with those items." Dkt. 10-8. When Maintenance Supervisor Steve Krause was informed that Mr. Florence was "caught with a[n]

unauthorized chemical in an unmarked container," he stated that he did not believe Mr. Florence had ill intentions by bringing the ice machine cleaner back to the dorm, "however offenders are not allowed to bring back materials of any kind to the dorms." Dkt. 10-9. The cleaning material was not in a properly labeled container and Mr. Florence was not authorized to bring the chemicals into the dorm. The evidence was more than sufficient to support the charge.

Mr. Florence attempts to raise a new claim in his traverse. He argues that the modification of the charge on appeal indicates that he was authorized to possess the materials, but this argument is meritless. The modified charge was Possession of Unauthorized Property. To the extent he contends that he was not given proper notice of the amended charge, this claim fails as well because a conviction may be changed on appeal if it is based on the same facts relied on in the hearing. *Northern v. Hanks,* 326 F.3d 909, 911 (7th Cir. 2003) ("Because the factual basis of the investigation report gave [petitioner] all the information he needed to defend against the trafficking charge, the reviewing authority's modification did not deprive [petitioner] of his due process rights.").

Mr. Florence was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Florence's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and

there was no constitutional infirmity in the proceedings. Accordingly, Mr. Florence's petition for

a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this

Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 11/8/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Burton Florence
DOC #973731
Pendleton Correctional Facility
Electronic Service Participant – Court Only